Bentley, J.
This waR an action brought in the court of common pleas of this county, for the killing of a boy about twelve years of age, young Barteit, he being killed by being struck while on the tracks of defendant company in the neighborhood cf •Swan Creek bridge, in this city. The train cf the defend *732 ant compan)7, it seems, came along while the boy was on the tracks, not at a public crossing, but on the right of way, and perhaps at a place where persons had been in the habit of orossing or traveling for some time The boy was stooping, apparently picking'up something — coal, perhaps — close by the outer rail of the track, and the beam at the base of the' pilot, projecting beyond tho rest of the pilot, and perhaps beyond the rest of tho engine, struck him and killed him. ■ He was not seen by the engineer nor fhe fireman — those in charge of the train — and thev did not know until they had proceeded down to the'depot that any such thing had occurred.
The administrator of the boy charges that the company was negligent in the manner as follows:
“Plaintiff further says the said death of the said John. Bartelt was wrongfully and negligently caused by defendant as follows, to-wit: The employes of defendant, while engaged in the defendant’s business in operating cars of defendant upon and along defendant’s railway tracks at the locality aforesaid, were accustomed' to and did wrongfully and negligently throw off coal upon and along the line of way of said tracks of the said defendant company,and invited the children in the neighborhood to come and gather the same up to take and carry it away.
“Plaintiff further says that the railway tracks of defendant in and at said locality were not fenced in or otherwise arranged so as to exclude the public therefrom, but defendant allowed the same to be so open and exposed to publio use, and allowed and permitted the public to come upon and use and make a thoroughfare thereof in the locality aforesaid, and so it was that the said John Bartelt, being invited thereto by the defendant, did, on the said 8th day of February, 1898, go upon toe said tracks of defendant at the place aforesaid, and while theie at the invitation of' defendant engaged in picking up the coal upon the defendant’s railway track, without any warning by the defendant or its employes to keep away from and off from the said tracks and line of way of defendant, the said John Bartelt was wrongfully and negligently struck by the locomotive and cars of defendant- and killed as aforesaid.
“Plaintiff further says that at the time said John Bartelt was so killed by the locomotive attached to the railway cars-of defendant as aforesaid, the said locomotive and train was being operated upen and along said railway tracks of defendant at an exceedingly high rate of speed, contrary to law and ordinance, and sc it was that although the said *733 John Bartlet was upon the tracks at the locality named, where the engineer and fireman of said looomotive could see-him at a great distance therefrom, yet the said employes ana' agents of defendant wrongfully and negligently failed to observe and see the said John Bartelt, and wrongfully and negligently ran said locomotive and train of cars at an excessive rate of speed upon and against the said John Bartelt, without warning, in suoh wise as to strike and instantly kill him-as aforesaid. ”
The petition then charges that the boy was in the exercise cf ordinary and reasonable care for one of his years.
The plaintiff,-upon the trial, called certain witnesses for1the purpose of establishing the facts charged in his petition, and rested his case. Thereupon counsel for the railway moved that the jury be instructed to return a verdict for the defendant upon the testimony as it then stood.
The court, in finally passing upon that motion, stated, as appears from the bill of exceptions, as follows:
“The court understand the cause, submitted upon the evidence to present the following facts: That upon the 8th day of February, 1893, the deceased, with other boys, for no purpose connected with the rail road company, or its operations, or business or interest, and without the consent of his parents, but against the warning of his mother, went upon the railway tracks of the defendant; that his purpose was to amuse himself, probably, with these other boys, and to pick up coal and carry it away- — -for he appeared to have had a basket with him — and was apparently in the act of stooping to pick up coal when he was struck dead by the train, which came up behind him; his attention was probably directed to this purpose, of getting the coal, and he was thus prevented from seeing the train whch was approaching him from behind
“To olaim that under these circumstances — no odds what coal had fallen off the cars of defendant along there — -along the line of its road — and no odds, if you please, that brakeman may have thrown it off purposely, they did so in-furtherance of an unlawul and a dishonest purpose on their part. We think that these boys cannot be held to have been on the track of defendant, with right to be there; but, cu the contrary, they were there at best at their own risk. We-have no doubt but what the company would have been justified in not only ordering them off, but in keeping them off of its tracks. The mere fact that it did not do so, did not give-these boys a right to be there to obstruct the management and operation of its trains and the business of the company.. *734 Now, however much it is to be regretted, the consequences to this boy, from so sad an accident which destroyed his life in an instant — however much this is to be regretted, it seems to me that nothing can be dearer than that no financial liability attaches to the defendant because of this injury to the deceased. And now, inasmuch as we must hold that, had the boy not been killed, but had survived the injury which he received, he could not have maintained his action against the defendant company, therefore his administrator cannot maintain an action for the purpose of recovering damages by reason of his injury and death.
“We will therefore sustain the motion wh.iohishere made •and direct the jury to return a verdict for the defendant.”'
And the jury, thus instructed, did return a verdict for defendant, and a judgment following that was rendered by the oourt.
A motion for a new trial had been made and was overruled.
We have read the testimony in this case and we think that it proves the facts recited in the court’s disposition of that motion.
We have had occasion heretofore to oonsider the rights of boys upon railway tracks at places not at a public crossing, although at a place where people quite frequently passed over in crossing over and along the road, and perhaps to the knowledge of the servants to the company. It was incumbent upon the plaintiff in this case, of course, to make out by affirmative proof the allegations in his petition to warrant recovery, and it was incumbent upon the plaintiff to show, not only that the running of the train ' was wrongful, but that the death of the plaintiff’s intestate was caused by the improper handling and running of the train, and not in any degree by such negligence as the facts would require tc be attributed to a young boy.
As I have recited, it does not appear that, in fact, the servants of the company handling this train saw the bey upon the track. He was not upon the engineer’s side; and the fireman, perhaps engaged in other matters and attending to his duties, did not see him, did not know that the bey was near the track — in fact, as I have said, did not know that the engine had struck him until some time afterward. At this place in question the railroad grounds were fenced upon one side, but on the northerly side, the side from which the bey approached the tracks, they were net fenced. There was ■quite a high grade at that point, and there was no crossing or public street for some little distance from it. There were *735 places up and down where persons going along there to their work, either railroad men or others, had worked paths to the approaches, and it was shown that persons more or less frequently passed along there, and that boys had been upon the tracks, and on some occasions had taken baskets and picked up coal that was scattered there, either fallen from the engine or thrown from the car. It does not appear that any persons had had their attention called to these actions of the brakemen in throwing off coal, or that anybody knew anything about it except the brakemen who did it. It does net appear affirmatively whose coal it was, except that it was such coal as was carried upon cars of the company passing along there. Some of the witnesses make some expression as if such acts would be to the loss of the shippers of the coal; that it was doal belonging to some persons \yho were shipping along the line of the railroad, and not to the railroad company.
After reviewing the testimony, we are of the opinion that the facts warrant the statement which I have read as coming from the court, and that it warranted the final disposition of the case as made by the court; in other words, that the plaintiff did not show such circumstances as indicated that the boy was free from negligence contributing to his death, or that the persons in charge of the engine either did see, or were fairly in duty bound to see, the boy in time to protect him from being struck by the train. The judgment, therefore, will be affirmed.
Plaintiff excepts.